Case number 23-3212, United States of America v. David Paitsel, appellant. Ms. McNamara for the appellant, Ms. Kaley for the appellate. Good morning. Good morning, and may it please the court. My name is Linda Julen McNamara, and it's my privilege today to be here before you representing former special FDI agent David Paitsel. This appeal presents some challenging questions regarding the reach of the federal bribery statute. But this court did not grapple with many of those thorny questions that this case presents, such as what's the difference between an official duty and a lawful duty, and do federal ethical regulations of all types always define an official's official duty? We those issues are resolved, Mr. Paitsel would be entitled to relief from his convictions because the district court here committed such a serious and fundamental error in the jury instructions. Therefore, I'd like to at least start by addressing that error. Mr. Paitsel was convicted of bribery under 18 U.S.C. section 201b2c and of conspiracy to do so. That statute says that whoever being a public official accepts something of value to do something in violation of his official duty is guilty of bribery and may be sentenced to up to 15 years in prison. Because the bribery statute doesn't tell us what constitutes an official duty, that question is a question for the jury. But in violation of Mr. Paitsel's Fifth and Sixth Amendment rights to have the jury decide each element of the offense beyond a reasonable doubt, the district court here removed that element from the jury's consideration. And here's how that happened. The pertinent bribery count was count five. Count four charged his co-defendant, Mr. Bailey, with a violation of a different subsection, section 201b1c, offering a bribe to a public official, that is Mr. Paitsel, to do an act in violation of his lawful duty. Different term. When instructing the jury on count four, the court told the jury that that offense had four elements. First, that Mr. Bailey gave something of value to Mr. Paitsel. Second, that Mr. Paitsel was a public official because he was an FBI agent. Third, that Mr. Bailey did so corruptly with the intent to induce David Paitsel to violate a lawful duty applicable to Mr. Paitsel's position as an FBI agent. And fourth, that Mr. Paitsel had a lawful duty not to use government resources for non-official business and or to keep confidential the information that Bailey sought. It then went on to define lawful duty, saying, for purposes of this instruction, a lawful duty is this, that, and the other thing. Who proposed that definition of lawful duty? The lawful duty definition was proposed initially jointly by the defendants and by Mr. Bailey throughout the course of the proceedings. The jury instructions went back and forth several times. Okay, but Mr. Paitsel jointly endorsed that definition? Of lawful duty. Of lawful duty. Yes. And then on the instructions as to Mr. Paitsel, am I saying that right, Paitsel? Paitsel. Mr. Paitsel's instructions, and I take it your objection is with the third one, where the court said he did so corruptly in return for being induced to violate his official duty not to use government resources. You said your concern there is that that didn't leave it to the jury to decide whether there was such an official duty. Who proposed that instruction? That instruction was initially proposed by the defendants jointly. Okay. I don't know what you mean by initially. This exact language was proposed by Mr. Paitsel. It was. It was. I will say the government has not contended that this is an invited error. I'm asking you whether it is. They have argued that this, in fact, was proposed by Mr. Paitsel. These jury instructions were the subject of the- I'm asking about this one. Understood. Understood. But the definition of the term lawful and official duty went back and forth many times. Right, but this third one that you say had the district court take from the jury and understand that argument, the question of whether an official duty existed and what it was, was proposed by Mr. Paitsel. Very early in the back and forth on the instruction. I don't understand. Well, I bring- Did Mr. Paitsel withdraw it? He did not withdraw it. Did he amend it? Excuse me? Did he amend it? He did not amend it. Okay, so early, late, doesn't matter. This is his instruction. Well, I say that because there were various versions of the instructions that went back and forth between the parties. And the district court adopted Mr. Paitsel's? Ultimately, in the interim, there had been months of back and forth. These instructions were- I understand, but Mr. Paitsel prevailed in that process and had his version of the instruction given. Ultimately, the instruction that was initially proposed before the parties hashed out what constitutes a lawful duty- This one, this is the one the district court adopted. That's true, Your Honor. That's true. Are you aware, can you tell me any case in which, and there may be some, I just haven't found them. Are there any cases where a court has found plain error for an invited error? I can't say that I have. I would say I have not found a case that says for an invited error of this magnitude, the court cannot grant relief. Ordinarily, certainly an invited error is something that the court will not entertain. I'm not sure I followed this whole colloquy. Are you saying that the defendant that you represent proposed the instruction that said it violated his official duty not to use government resources for non-official business? I can't deny that. The very first version of the instructions that was jointly proposed by the defendants included that language. It did. It did. In my view, that error, especially given the give and take between the parties and the court over that. Can you point us to anywhere in the record where Mr. Paisel or another one of the defendants were saying, and it could be inferred that Mr. Paisel joined in the objection, where there was an objection to that particular language that was given? What I can point you to is Docket Entry 196, which was one of Brian Bailey's, the co-defendant's, proposed additional jury instructions. That instruction... Is that in the joint appendix? I'm sorry? Where is that in the joint appendix? I'm sorry. I don't know that it is in the joint appendix. But it's at Docket 196. This is Mr. Bailey's notice of additional proposed jury instructions, and I see that I'm nearing the end of my time. Keep going. That's fine. We're about out of time. This proposal said, lacking any statute, regulation, or written policy... I'm sorry. Courts had not yet grappled with serious factual disputes over whether there exists an official duty or not, as the parties will do in this case. Bailey cited Fernandez, which is the case we cite in our brief, the unpublished case out of the 11th Circuit, which is the only one that I've located that actually attempts to define that term, and then proposed a definition of official duty or lawful duty, as lawful duty or official duty means a public official's job responsibilities as dictated by governing statutes, rules, and regulations. Did your client join that submission? I would not say that in any type of formal way he joined that submission. I would say he did not object to that submission, and these definitions were discussed repeatedly throughout the month preceding the trial. If I'm understanding that docket entry correctly, it suggested that lawful duty and official duty were synonymous. It certainly conflated those terms. I want to... I'm sorry? What you argue now is not the case. I think that can't be the case. I'm sorry, Judge Randolph. I want to change the subject for a moment, because I'm not entirely sure I understand what this clear thing is, and I'm not entirely sure that I'm... I assume that the only thing that Bailey wanted was the telephone of the individual. Is that correct? He wanted contact information, whether it was a telephone number, an address. Well, the addresses, it would seem to me he had address because he was talking about an apartment building, so that's the address. So, the only thing left that he had any use for was what he was trying to get as the telephone number, and it's only because of technology that he needed that. Correct? It's cell phones. It could... So, one of the analogies that occurs to me, anyway, is that this is like somebody calling up an FBI agent who has... We used to have the white pages and the yellow pages, who has a particular telephone directory and asking, you know, please look up this following number. I mean, that's all it was, but the clear whatever website is run by Thomson Reuters, a corporate... Where does Thomson Reuters get the information? Thomson Reuters pulls the information from all types of publicly available... All publicly available. They describe it as public, and I'm over my sources. It is a private company that pulls information from various sources on the internet. They may not know this, but in fact, we, by we, I mean the judges on our court and our law clerks have such a directory too, except it's not Thomson Reuters, it's West, and there's websites where you can go on, you can put the name of a person in there and get all kinds of information about them. It's the same thing, I think. And one other point, at some point in my reading, it indicated to me that the statement that official duty not to use government resources for non-official business is itself incorrect, wholly apart from whether that's a directed verdict by the trial judge. It's not a correct statement of the law. And the reason is because there are all kinds of exceptions to using government resources. If somebody places a telephone call to their child or to a friend on a government phone, that's using government resources, but it's not a violation of official duty. Is that correct? Judge Randolph, your points are all well taken. What happened here was the use of a tool, a government resource, to find information wholly unrelated to the work of the FBI in general, much less to the work of this particular agent. It's really no different. How can you say it's unrelated to the work of the FBI? The FBI has to track down people, witnesses, etc. That's the whole reason that they have access to it. Sure, they do. As a public defender, we had access to similar types of databases, and that's what we used it for, to track down witnesses. By that logic, anything in the FBI office is used in pursuit of the FBI's mission. The color copy are in the copy room. It's used to make a person's flyers for their child's school play in exchange for tickets to play. But the point of the clear notice, and the point of the way that this works, is that you, when Agent Petzl accessed that database, it asked him whether he had a permissible use. He clicked law enforcement as the permissible use, and that is how he accessed this data, because if he had not clicked law enforcement, he would have not had a permissible use, and he would not have had access to the database. Isn't that the evidence that was presented at trial? Yes. That's the terms of the contract between this tool and the FBI. Listen, I don't dispute that maybe he probably shouldn't have done that, that he shouldn't have used this resource in this way, but was he on notice that he was going to be convicted of a crime punishable by up to 15 years in prison for looking up contact information in matters wholly unrelated to matters before the FBI? And in my view, that is an incredibly expansive view of the bribery statute, one that does not give thousands of government employees notice of what's prohibited. It strikes me as odd that if you take our in-bank decision in Valdez, that it's pretty clear that there's no real distinction between what this guy did, your defendant did, and what the individual in Valdez did. The only difference is he was getting license plate numbers, and your client was getting telephone numbers. But the other difference is that we reverse that fellow's conviction for accepting a gratuity, which is a lesser offense, but what's going on here is a conviction for the greater offense, and that seems to me totally out of color. I think that's a really important point, because the gratuity statute, although it hinges on the definition of official act, is punishable by only up to two years in prison. Valdez's conviction was reversed. This defendant was subject to a statute that was punishable by up to 15 years in prison, and I don't think you will find any cases in which a person was convicted of bribery for something, doing something wholly unrelated to the decisions, the work, the internal workings of the office. This was the use of a government resource, for sure, but was it bribery? This is on bank, page 1327. Our decision, therefore, plainly continues to allow bribery prosecutions when, for example, someone offers something of value to induce an official to provide information in violation of official duty. Isn't that this case? I think that's, it is. No, the information, when the term information could be a lot of things. How do I get to the office? That's not information that we're talking about. He didn't provide that. He provided information from an FBI specific database that required him to type in an FBI purpose when he accessed it, and it was part of his job to deal with technology. Judge Miller, I don't think it's fair to call it an FBI specific database. It's not a database at all. Did a contract the FBI had with a provider? It's a contract the FBI had with a provider. I could rent, if I were willing to pay for it, I could have that. Correct. The difference, the taxpayers paid for it, and so this guy got the job, but the taxpayers paid for it. He didn't pay for it himself. Had he paid for it himself, like Judge Randolph suggests, that way we would have no case, but in fact, he let the taxpayers pay for it, and pay for this man's salary, and pay for this computer, and then he spent his time typing in a specific code that says I'm doing this for whatever purpose he did, lawful purpose, the taxpayer lied as to why he was doing it. This is an unbanked decision. I feel like if it says in terms, I get that Judge Randolph and Judge Henderson had a different view in that case, but I think I'm bound by the unbanked decision, and it says even if the information is publicly available, it still counts. Well, it doesn't count for an official act, which is what Valdez was, but ultimately the misuse of any government resources. This case is about official duty. It is about official duty. In the language that Judge Millett explained to us why that language in Valdez that says our decision therefore plainly continues to allow bribery prosecutions when, for example, someone offers something of value to induce an official to provide information in violation of official duty. Are you saying that that's not really the law of how a bribery prosecution works, or is it your argument that this was not an official duty? Exactly that. That statement turns on what's an official duty. Provides information in violation of an official duty. So you can't just stop at the provides information. It has to be in violation. What you argue below is the meaning of official duty. This was not discussed. You didn't object below? Did not. Did not. So for the first, we're hearing for the first time Well, I take that back. I'm sorry. In terms of the motion for judgment of acquittal, he did argue that under Valdez, the evidence showed that he did not violate an official duty. Now, there were no proposed definitions. I thought you were making a legal argument to us now as to what official duty means. That's not an evidentiary argument that was raised below. So I think this is difficult. I guess we're on common ground there. But I don't know how we can decide that this wasn't part of his official duty without a legal definition that you're proposing of what counts as official duty. What is that? Where is it in your brief? Well, I propose a definition, and that is a duty emanating from his job responsibilities. But I will say his duties emanating from his job. So it's not just his job responsibilities. It's obligations that emanate from particular to right. So is that include not using government resources for personal gain? I would not call that an official duty. I would call that an ethical responsibility. And what's the difference? I think there has to be a difference. Otherwise, as Judge Randolph points out, every single violation of I came to work late or I didn't, I had a duty to... If we were writing, we'd have to write an opinion with the rule and help in future cases, judges write jury instructions. So what would be the rule for the dividing line between when something is an official duty and merely what you call an ethical duty? What's the rule? I think it has to be something emanating from the office that he holds and relating to his job responsibilities. The bribery statute is designed to punish people who are performing their duties in a way that is adverse to the government, to the public and everything else, because they're getting money and it's hard to see how this... What happened here is an inducement to do something that they would not otherwise have... I mean, it doesn't fit. I mean, that's the basic problem. Exactly. The bribery statute is about corruption, corruption of government functioning, duties, purpose. This is not that. And that's the problem here. And I will say one... I understand. This is hard. We can't write opinion that says this is not that. And we have to have a definition of official duty that is distinct from official act, right? Being induced to do an official act. Yes. Right? So this seems to be a duty, seems to be departure from a duty. But is it an official duty? That's what I meant. So I'm still struggling and if you can point me where it is in your brief, but you tell me what the legal test is you want us to adopt, that would be helpful. But I don't understand how your proposed distinction writes. And we're facing an unbanked decision here that tells us this exact prosecution can still go forward. And you're turning it on official duty. I get that. What is your definition of official duty that is distinct from being induced to do an official act, to do something in his job? Well, I mean, I think that the closest thing we have, and as we suggested, as the 11th circuit defined it in Fernandez, its ordinary meaning encompasses a public official's responsibilities as dictated by governing statutes, rules, and regulations. Now, I don't know that that tells us a whole lot. And I will say, Judge Miller, you said you've reached, did he violate a job responsibility? He did not. Okay. All you're doing is substituting one word for another. Responsibilities for duty. And I get that. It seems to me I've seen cases doing job responsibilities, but I've also seen ones that say you have a duty not to commit crimes while doing your job. Okay. I don't know if that's a job responsibility on any paper somewhere, but that also has been defined by courts to be part of a violation of official duty. And so if what he did was a criminal action, theft of government property for personal purposes, then that would be a violation of his official duty. It wasn't that he just did this for a friend. He took money to do this for a friend. And so he used government resources to pad his own wallet. So why doesn't he have a duty to only use government resources for government purposes? By that logic, using the government car, which you can only use to drive to your government responsibilities. If you use the government car... I don't know that's true. I haven't seen what the rules are governing. They may have a de minimis exception as well. I can tell you... I'll just finish your answer. Thank you. I was a former prosecutor and I knew in our office, we could only use the G-car to go, for example, to oral arguments. And on the time when I said I stopped by to get my hair cut on the way to oral arguments, I was admonished, you can't do that. You can only... And I was like, oh, I didn't know that. I didn't realize that. Now, if I had instead dropped off a friend at the airport and on the way to the airport, my friend bought me lunch for doing that favor, under that logic, the use of the government resource alone should have put me on notice that I could be convicted of bribery for that. And I don't see that this statute puts government employees on that notice at that time. ...but anyhow, you'll probably be okay. But the point is that define government... How do I define what his responsibilities are for me? If that's your test, job responsibilities. His job responsibilities... In a way that doesn't turn official duty into not doing an official act. It has to be related to the work of the office that he holds, and that is related to the work of the FBI. But he was also particularly with the tech liaison. He had particular obligations with respect to technology usage. This has nothing to do with that. I'm asking, that was his job. It was. It was. Was it part of his job to inform other FBI employees about the proper usage of FBI equipment? It was certainly not with respect to the use of clear. It was not. His responsibilities, and honestly, there's not much in the record about what his responsibilities were. Then how do we adopt that as a test and say it wasn't met here? As my husband always tells me when he says, where is something? And I say, I don't know where it is. And he says, well, then you need to look everywhere. I said, well, I don't need to look here. He says, well, if you don't know where it is, you don't know where it's not. This is like that. We might not know exactly what is an official duty, but we know it's not this. I'm trying to understand your theory. Is your theory that it's bribery if he does something that falls within his job description in exchange for a payment? But if he does something, even using official resources, but that it's really outside of what his job description is, then that falls outside of bribery. I'm trying to understand the line that you're trying to make. I think that's probably too narrow. Because I think if, because he's an FBI agent, he reveals secrets about how the FBI works or some type of private information of the FBI that has nothing to do with his particular role. I think the bribery statute would cover that. And I think there's plenty of cases in which things like that have happened. I'm sorry, you just described me something that is not in his job responsibilities. You said it was outside of his particular role. And if he did it, it would be bribery. I think it would have to be. It's related to his role at the FBI. Otherwise, if the receptionist at the FBI office reveals information. I want to go back to the example you just gave. I had thought your argument was it's only bribery if he does something he shouldn't do within the scope of his duties. But then the example you just gave was he goes way outside his own duties and does something wrong. That would be bribery. But the duties emanate. Did I misunderstand you? Well, I'm not sure I can answer that. Why don't you give me an example? Try an example again of what would be bribery. Because it would be a deviation from his job responsibilities. If that's your test. Okay. He's not a field agent. He doesn't do things with respect to investigation. But he goes into a friend's office and he looks at a paperwork or finds the name of an informant or something and sells that information. That's related to the work of the FBI. That's a private secret matter. If he sells that information, that's bribery. Okay. So then your definition of official duty is something that's not part of his job responsibilities. If he goes outside his job responsibilities. And the responsibility... I got to pin this down. I have completely misunderstood what you said before. So your vision of official duty is things that are outside your job responsibilities that you do for money. I mean, I think it could be. I just think it has to be. This is about corruption of government. So then if he... Is your theory then if he does something within his job responsibilities, it's not bribery? Oh, no. Of course, it's bribery. Of course, it's bribery. In his job responsibilities and outside his job responsibilities are both... It has to depend on what those things are. Well, then that's not a legal test. I'm sorry. I understand that it's your job to argue that this doesn't count, whatever the test is. But we can't write an opinion that says whatever the test is, this doesn't count. We have to have some sense of what the statutory term means, and it has to be so clear that it justifies departing from this on-bank language. So if you said if he does something he shouldn't do as part of his job responsibilities, that's  And if he does something that's not part of his job responsibilities, that's bribery. I'm not sure I know what's left. My proposal is that the duties have to emanate from the position he holds and from the place that he works. Access to this clear database. Did he have access to that because he worked at the FBI? He did.  And that was the only reason he had access to this information. That's true. Okay. And was this database one that was only to be used by FBI agents as part of their work? Because we had to type in a code for what they were doing. Well, it's not a database. It's a tool. It's a program that leads to information. It's an information amalgamator that allows you to search like Westlaw. And back to my point, he only had access because of his position in the FBI. Do you agree with that? Yes. The FBI requires any agent using it to identify an FBI purpose for doing so. Correct? Correct. Okay. Why is that not a duty? Why is that not something that he can only do because of his position as an FBI agent and can only be used as part of FBI work? It's a specific kind of duty. And I think the misuse of a resource like this resource, just like any other resource, is an ethical violation. It is. So let's suppose his friend asked him, I'd really like to know whether there's any wiretaps in my phone or whether I'm being investigated. And so what Agent Petzl is alleged to have done is to have accessed FBI databases that list all wiretaps, all investigations, etc. And he does that search and he reveals to his friend that there is indeed a tap on his phone. And his friend asks him, tells him, you know, he'll give him five grand for doing the search and telling him, is that bribery? I think everyone in this room would agree that it is. So what is the difference between that hypothetical and what happened here as far as the dividing line between what's bribery and what's not? Because what that would be would be the corruption of the function of the FBI. What happened here was not. It had nothing to do with the function of the FBI. So if his friend in this case said, you know, there's this apartment building and I want to try to buy the TOPA rights from all the tenants, but I don't know who all of them are or how to contact them. I'll give you $5,000 to do that. And what he does is he goes door to door and flashes his FBI credentials and says he's conducting some sort of investigation. And he gets the name and phone number and apartment number of everybody in the building and then gives that to his friend. Is that bribery? Could a jury find that to be bribery? I think a jury could probably find that any definition of official duty, any FBI agent who misuses his badge for private purposes, I think could be found that could fit. So misusing your badge for private purposes would be in violation of his official duty? I think it would be reasonable for a jury to find that. I'm sorry, I want you to answer Judge Wilkins' question, but that seems to be a diagnostic question. That is part of your official duties is how you use your badge. I mean, I guess I have a better answer for what I'm trying to get at is, are you saying that we would rule as a matter of law that that can't be an official duty? Is that what you're trying to do is say legally what can and can't be an official duty? So are you saying that yes, legally, that could be an official duty if the jury so concluded? Or are you saying that what happened here? No, no, no, no. My hypothetical of him going door to door and getting, collecting information on each tenant. Or are you saying that if those were the facts and he were found guilty, we would have to set aside that conviction because that couldn't be a violation of official duty? I think I would probably not be here arguing a sufficiency of the evidence deficit in that situation. So what is the difference kind of legally, help us understand the difference legally between him doing that and him accessing this database? Again, I think it comes back to corruption and what, what corruption is and what the purpose of the bribery statute. You had to put your badge number in to access the clear database. I don't know the answer to that, but I don't think so. So use of misuse of badge is not an official duty. I don't define it based on that. I think what any particular official's official duties are is very dependent on where they work and what they do. And that's why this is really difficult to put a definition on. And I, and I get that. And that's why I come here saying, whatever that definition is. He did not violate an official duty here. But you can't say that because of the definition is the one from our on bank decision unveiled as he did. And that's why I think we're pushing you. It's really hard for somebody to come here and go, I don't know what the test is, but just please say my client didn't violate it. Well, there's no attorneys to give us what the legal test should be. And respectfully, Valdez is not defying what is an official duty. It does not. Well, they definitely said something that's a violation of official duties. They did say that. And that is getting something of value for disclosing information. In violation of an official duty. It leaves that question completely. We'll have a prosecution for violating your official duty. When you accept something for value. To violate information. To violate your official. That's what they're saying would be. It would be a bribery prosecution for violating official duty. If you do that. But the quid pro quo, the quid pro quo has to be to violate the official duty. That can't be written out. And they're saying this is an example of that. I don't read it that way. I read it as. Providing information in violation of your official duty is bribery. And I think that. That's explained to me in simple English. Why providing this information from an FBI specific database. That required an FBI specific justification that only FBI agents could access. And this guy's Bailey could not. Why that information just explain to me why that was not. Disclosure of that did not violate an official duty. I go back to the purpose of the bribery statute. I know what the purpose is. It's coercion. We're just going in circles here. Coercion bribery is a form of coercion. So just saying it's not bribery does not tell me your. Understanding of why this information. Is not the type of information you've agreed that other types of information. If Bailey had said. Can you please get for me. Contact information phone number. Apartment number. For X person. Because they owe me money. And they're avoiding me. I'm going to get my money. I want to get my money. And there's a bribe. That'd be a violation of official. I don't think so. I think. You said I'm going to be the person that get it for me. I'm going to find him and beat him up. That would be. I do the same database to get the same information because I want to find this person. Have them either give me the money or I'm going to beat him up. Would that be a violation of official duty? I think to do that a law enforcement officer. Probably has an official duty not to a better crime. So, I think I could agree with you that that could be a violation of an official duty. Okay, so the only difference here is that it was being used. To give this person an unfair advantage in the topo scheme. For hunting down people to get their rights from them. Not a crime. That's what makes it not an official duty. Not a crime. It's not a crime. I understand. Well, that begs the question, but. You're saying that because, because the ultimate use of the information wouldn't facilitate a crime that should be kind of mitigate against it being in a violation of official duty. Is that what you're saying? Well, that and the. Purpose that was. For the request. Or the detection of the crime. It's not just it can't be just the. Preventing the detection of the crime would seem also. Be covered by your definition. Yes, and I'm sorry, did you know that I'm. I don't seem to be answering your questions. As I said, this is a really. Challenging area because the statute. And I guess I need to point out here. That the statute also has this lawful duty term. It has to mean something different than official duty. And you propose a definition for that, which the district court adopted.  I don't think, but when you talk, I'm not spewing that. I'm just saying that there has to be a difference. Between lawful duty and official duty. And a lot and a lot of what we've been talking about here today. And a lot of the back and forth have been. Duties that emanate from laws. From ethical regulations and other things. But not necessarily from the particular. Job responsibilities and role of lawful duty instead of official duty. Would there have been a violation here? I think I could have been. Why would Congress write a statute that makes it. A crime for someone to bribe an official. To violate. This rule against misuse of public property. Because that would be a lawful duty. But not make that same action a crime. For the official agent official to accept. That money and do the requested conduct. I can't answer that question. I mean, all I can say is Congress. Congress has to be different than official. But then that's well, that's a lack of parallelism in the. Well, that's actually, I mean, that's just. A well established principle of statutory construction. That if a term is used in one part of the statute. And a different term is used in another part of the statute. They cannot mean the same thing. Help me understand this. So the jury. Found. Convicted on count for. I think was the lawful duty.  Right. And they were instructed. The lawful duty is any statutory regulatory. Or official duty. Imposed upon and made known. Either orally or in writing. By virtue of in specific to her position. If instead of giving that instruction, just for count for the judge had given the same instruction count five, but he said an official duty is any statutory regulatory or official duty imposed upon and made known either orally or in writing by virtue of the lawful duty. In specific to her position. Would that instruction have been error? I think it probably would have with respect to official duty. And why?   It's too broad. It's too broad.  Why? What's what is the part of it that is too broad? Anything made known. In terms of it, it, it, it, it covers too much. It doesn't impose upon and made known either orally or in writing. So, so what's the, what's the problem with made? No. I mean, you have notice, right? That whatever it is, is your official duty. Yeah. So, what's the problem? Yeah, I'm looking at that definition now. And so your question is, if it had said an official duty is any statutory regulatory or. I don't know what the last word would have been imposed upon. But I mean, I believe that definition is probably. Again, too vague because I think it includes. Ethical violations that no reasonable government employee would be on notice could result in a bribery conviction. It's not just the regulation. For the information that you're told is what causes the bribery is that you took money from somebody not to do it. Why isn't that bribery? It may not be worth a ton of money. But the violation of duty here was I took money to do something. I knew I wasn't supposed to do. But I should only do it because of my position, my position. Why is it? I don't know. You keep acting like it's fine taking pencils home from work. I don't think it's fine. I don't think it's fine. The bribery here is unlike gratuity to come sort of as rewards after the fact. This is up front quid pro quo. I will pay you money to do this thing that you can only do because of your official position. And, you know, you're not supposed to do it. I don't understand what the great concern is that that is some travesty of law to make that unlawful because they don't take money to do things in your official position. But you're not supposed to do it. You know you're not supposed to do it. There's no question of knowledge or intent here. Ultimately, I don't think that the bribery statute is intended to criminalize the violation, the misuse of every single government resource. Not the misuse. It is taking money. Right. In exchange. Because of and using your position to do something and if you exchange it, you're selling your position. You're selling your access. You're selling your capacity to do something that others can't do. But you're selling out the taxpayers. The statute is not just about money. It's anything of value. That's fine. So, all right. It's a diamond ring. Whatever it is, that's you keep saying they don't want to make it bribery because all they did was violate a little ethical duty. It's not that. It's that they took money. They had an upfront agreement, a quid pro quo agreement to do something that he could only do because of his position. There was a quid pro quo agreement for him to use a resource that he had as an FBI. To use a resource the FBI has. To be used but unrelated to anything, any secrets of the FBI, any work of the FBI. So, if what happened here instead was simply that this FBI agent gave one telephone number to Mr. Bailey and then Mr. Bailey in response bought him lunch as a 15-year felony under that theory, that's crazy. That's completely my point. That doesn't sound like a quid pro quo agreement to me. If Mr. Bailey had said to him, hey, dude, I'll take you out to lunch if you can get me this guy's number. Is that bribery? I don't think, I just don't think that's what the statutory. So, do you agree or concede that he violated the statute to ground Leach lightly? I don't know. So, to access this information that he accessed it without a permissible use. I'm not sure that he accessed any information in violation of that act. I mean, that's the whole point. Compliance with that act is why you have to click that you have a permissible use. If you don't have a permissible use, then you're in violation of that statute. Well, you're in violation of the terms of the FBI's contract with Leach. The Supreme Court's Sun Diamond, seems to me, answers a good many questions that have been asked today. And one of the questions, or one series of questions, was addressed by Judge Williams in the impact opinion for our court when he interpreted Sun Diamond to mean that the court rejected the theory that the official acts definition covers any action taken in an official capacity. So, the fact that Mr. Haysalk was an FBI agent acting in his official capacity is not enough. He was not. That's just not what happened. That was the gratuity statute, right? It was. It was. But again, you know, when I get back to these gratuity statute cases, those are all two year penalties. Yes, because you don't have a quid pro quo, right? You don't have a quid pro quo, but all of those cases are about duties tied to the work of the agent, the person, the HUD official, the inspector, corruption in the function of government. And that's not good. Just to clarify one more thing. We've had a helpful discussion here. But I think you agree that you did not raise this argument in district court. The sufficiency argument? No, that what the meaning of official duty is. That's true. Thank you. All right. Thank you very much. I appreciate my time. Thank you so much. Thank you very much. Thank you, your honors. May it please the court, Catherine Kelly on behalf of the United States. Your honor, in this case, it's clear that this is very similar to the Valdez case in which this court indicated very strongly that same type of actions taken by an MPD agent, giving a friend information from a database from MPD in return for money. It's essentially the same thing that happened here. There was, again, a database the FBI had. Mr. Bailey offered him money to look up tenant information. And Mr. Pates will then use that database to do so. This court- Is that a violation of law or just a contract? It's a violation of his duties as an FBI agent. Judge Wilkins mentioned the Graham-Wiley statute. There's a statutory prohibition to using information in the clear database for other than authorized purposes. So going into the database, you have to check that you're using it under that Graham-Wiley statute or two other statutes and then give permissible purposes for each. Statutory? What's the statute? It's about the use of personal information. There's another one. I think it's like a motor vehicle driver's privacy act because it has information in there from DMV database. That's correct. And I believe there was another section about voter registration information as well. We said at trial that those were showing that he was acting corruptly by going into the database and checking off that it was under one of those conditions and then citing a permissible purpose before logging in. We based his official duties more on Mr. Adoroba's testimony, his supervisor, and the regulations about the conduct of an FBI agent. What were the duties that you had to check off? In order to get into the- Well, not in order to. I mean, but yeah, I didn't answer the question. What was the checkoff? And who devised that? Was that Thompson Reuters? I don't know who devised it. It may not have been the FBI. It may have been the private company. It wasn't clearly laid out at trial who actually made the login screen. Compliance with statutory obligations. So it was not FBI. The three things. I'm sorry. What were the three things that you had to check off? You had to check in, if I'm recalling correctly, that you were searching under the Graham-Leachy-Bliley statute. Or if you were going to get voter information, you would have to check off that you were going into that section or the DMV section. Anytime you checked off those, then there would be another list of permissible purposes. For instance, the one- Investigation was one. I remember that. I'm sorry. I'm not remembering the exact wording of each permissible purpose. But essentially, you were doing it for federal, state, or local law enforcement reason, if I'm recalling correctly. What is the difference between that database and Wales? My understanding from what was stated at trial is that it's an aggregator of a lot of information that you can get from other sources. Wales contains a lot of non-public information. Correct, about somebody's criminal history and so forth. It's just an aggregation of public information. It was an aggregator of public information. And the version that was set up specifically for the FBI, which is maybe how the specifics about the various DM motor vehicle statutes and voter statutes came about, was done specifically for the FBI. I don't know who came up with the language. I would assume if you're getting voting records or DMV information, you're getting access to non-public information, social security numbers. I know there were social security numbers available because part of the information at issue was... Right. So it's not all public information. It's not. Not everything in it is public. But it's not public information for sure. And I recall also in the FBI version, there was information about people's... This is a private company. How do they get social security numbers? It has to be public. They can get them from accrediting agencies. Exactly, Your Honor. They can pay for proprietary information. Correct. And there was a discussion about experience, transunion, and so forth. It's not accessible to an ordinary member of the public unless they're paying for this database, I guess. Right, right. And I assume when people have access to this database, are there laws that govern confident... Maybe that's what this process is of checking the boxes. They're not taking social security numbers and doing identity theft. Right. I mean, ultimately, what you're doing and you're logging into CLEAR, you're checking these permissible purposes. The permissible purpose are related to an FBI... How can you say that's right when the CLEAR is available, versions of CLEAR are available to private parties who are members of the public if they pay the fee, right? And then there was also the FBI had its own version. I know, but you don't know whether the version of CLEAR that is available to somebody who wants to pay for it also contains social security numbers. I don't know. You don't know. So when you say that, yes, the FBI had exclusive... It's exclusive to the FBI to have a database with social security numbers on it. You don't know that. No, I know. And I did not mean to say that the FBI had exclusive... I'm sorry, Your Honor, that I misspoke. But my point was that the FBI had... The FBI had its own version, had a different version of this database than I could go buy in my private capacity. I don't think you could buy the FBI version in your private capacity. But what was really made clear at trial through Mr. Adaroba's testimony... Can I clear on that? There's an FBI-specific version of this database. That's my understanding from the testimony. The company X couldn't buy. They could buy a different version. They could buy a different version. And do we know what was special about the FBI version? I recall the witness from Thompson Reuters indicating that there was specialized information about criminal history and whether or not someone was incarcerated and so forth. But ultimately... That's not private information. You can go on the Bureau of Prisons' website. I've done it. You can't do that, right? You can find out whether somebody's incarcerated or not. But the whole point, though, was that what was made very clear at trial is that as Mr. Adaroba testified and as Agent Walts testified, you could not use the FBI version that you were allowed access to as a special agent for anything other than FBI purposes. And it's very clear what Mr. Patesel did here was not for FBI purposes. You mentioned the DMV and the voter information. What does the Gramm-Riley-Leach... What kind of information does that one cover? I'm recalling correctly. I believe it's just privately, personally identifying information. But I'm not absolutely certain as I stand here. But the testimony at trial was that there were different permissible uses and you had to pick at least one.  You could pick more than one. And that to access this information, he clicked law enforcement. Correct. Yeah, he did. Several. If he hadn't clicked that and hadn't clicked any other permissible use, then he would not have been able to access the data, right? That's correct. The search function wouldn't have worked. Correct. He wouldn't have been able to go further. Right. Kind of like having to agree the terms and conditions or something before you can go further on a website. Exactly, Your Honor. Yes. So he couldn't have gotten to the information at all. So he had to make a representation that he was at a law enforcement use in order to access the data. That's correct. Go back 50 years and two friends call each other. One of them calls the other is an FBI agent. Says, hey, Joe, I've lost my telephone directory. Will you look a number up for me? Is that a violation of his official duty? If he did that? No, it's not. What's the difference? The difference is, this is. Forget about the money, because we have to, first of all, find out whether this is a violation of official duties. Then the question about whether it was done for money is another. But why isn't? What's the difference? In the phone book example, the agent is not using something that is specifically only to the FBI, such as the clear database was here. That is only allowed to be used for official purposes. See, that's the question we're going around in circles here, because we don't know. And there was no evidence to trial. So far as I'm aware that this is only something available to the FBI. The telephone, which is all that they wanted. We don't know that. I thought you said there was a Thompson orders witness who said this was an FBI specific. That's correct. That was accessed here. That's right. But we don't know whether the ones that are for sale contain telephone. There was no information in the record as exactly what would be in a different database versus this one. There's no question that there was publicly available information in the FBI database. It's a matter of you get into that database by stating that you have essentially a law enforcement purpose. It's related to federal, state, local laws. And then at trial, the whole point that Mr. Adarova, his supervisor, was making was that you are not allowed to use this database for anything but official FBI business. So it doesn't matter whether or not the item that you look up in that system for a friend who's just paid you money or is offering to pay you money and you've agreed to take it. It doesn't matter what the exact thing is that he's looking up in that system. The point is he's used that system, which he's only supposed to use for official FBI business, in order to take money from a friend and give this friend aid, which would not be the same as just picking up a phone book in your office 50 years ago and quick looking something up. I think it's important, too, that the case law indicates that your job description is not just limited by what do you do when you go in the office every day. Mr. Pizzo was working in an IT capacity there, working as a liaison with agents and other FBI staff to work on their computer systems, essentially, get them what they needed. The law that we've cited in our brief, including the Moorland case and the Ghigli case, they indicate that the term official duty is not cabined by a job description. If somebody asks you what do you do on a daily basis when you go in your office, that's not cabined by I write briefs, for instance, in my case, or I do research on laws. It's also cabined by how are you supposed to act as an FBI agent. Here, Mr. Ederoba testified specifically that you were not allowed to use clear except for an official FBI purpose and cited several regulations that talked about the specific duties that were related to this case. So, this is not a matter of just having a referral and just saying any ethical rule that could apply to an FBI agent. It creates an official duty. In the Moorland case, the court indicated that as long as you were cabining regulations to One of the arguments that we have to decide is whether there was sufficient evidence to convict one bribe to cap crime. And so, we have to determine whether the evidence meets all of the elements of the offense. And regardless of whether the court was, the jury was properly instructed, or regardless of whether there was plain error in the jury instruction count, we have to basically map the evidence in the light most favorable to the government against how a properly instructed jury would consider it and determine whether a reasonable jury could find that sufficient, right? That's what we should do. That's right. So, it seems like we are going to have to decide what official duty means in order to perform that exercise, right? Correct. So, what does official duty mean? Official duty here was explained by Mr. Adoroba's testimony saying that you can't use your public office for private gain, citing regulation for that. You can't use non-public information to further your own private interest or that of another. That you also can't, in regard to the government property, for other than an authorized purpose. There was also testimony from Mr. Adoroba that Agent Patel was trained on these regulations and that they were available to him in the FBI policy guide. So, he had warning of what his duties were. So, that covers the evidence that was presented. How does that evidence meet the standard of what official duty means? What is the legal standard for what is an official duty? The legal standard for what is an official duty is kind of akin to both what Moorlang was saying, what Kijili was saying, and also Fernandez. Fernandez mentioned that it was related to your job responsibilities and that that could also include regulations, rules, and so forth. Which would indicate that it's not just cabin to, what do I do when I go in the office every day? What is my job responsibility? Did he not perform? The job responsibility, in particular, that he didn't perform here is he used official FBI. He used CLEAR for other than official FBI work, which was unauthorized. That sensibly makes everything. That means taking the pen home at night also a violation of an official duty. No, I don't believe so here, though. There is a government property for personal purpose. In other situations, such as taking a pen home or maybe making photocopies for your Girl Scout troop, there is a de minimis use exception for things like that. But in this case, as Mr. Adoroba testified and Agent Walts testified, there is no de minimis use for CLEAR. You're either doing it for an FBI purpose or you're out of bounds. What is the official act that was influenced? That's an element of bribery, right? Only for official act bribery, and since this was official duty bribery, it was different. So we were just looking at what are his official duties. How do you distinguish de minimis use, but say he takes a pen home every night? Well, I mean, at some point, you've got a heck of a lot of pens and it's far more than just that. And that might maybe consequences for that and disciplinary reasons for that. But is that a violation of official duty or is that just a human resources issue? I mean, it's, it would be a violation of an ethical rule if you're getting beyond the point. Any violation of any ethical rule is a violation of an official duty. Only, and what I was trying to say, not just any violation, talking about violations that are specific to what is the crux of the bribery in this case. So here we're, I know it's a little bit big. It is difficult because it is. So let's suppose Bailey had said, you know, I'm starting a business and I need a lot of office supplies for my, for my business. And, you know, I've been, you know, short on cash now, but I'll give you a hundred bucks and bring me, you know, you know, a case of copy paper and pens and notebooks and lots of, lots of office supply. And I'd really appreciate it. And that's what Hazel did. Did he commit bribery? Did he violate an official duty if he did that? It's a possibility that he did. Why do you think? Because, well, I mean, just because he, he has agreed to accept the thing of value, which is the money in return for violating his official duty. And this wouldn't be a de minimis use situation. You're essentially selling government furniture and so forth to, to somebody. So you have an official duty not to use government resources for non-official purposes. And I think that would be bribery. Are there any ethics regulations that would not fall within a violation of which would not amount to a violation of official duty? Are you saying every ethics regulation? No, I'm not saying every ethics regulation. I think it does have to be, I think it has to be cabined to what, what is really happening in this case. Whichever. That doesn't help me with a statutory definition. So give me an example. And that's the problem because there is no statutory definition. No, I should say, well, you're asking the court to adopt one. It just, you're asking, your friend on the other side has a concept of what official duty means that does not include this case. And your concept seems to be this case. And we can't write an opinion like that. So we need, and you say not every ethical violation is in, some are out. So how do I know which one? The ethical rules that apply to the specifics of the case are what define official duty. That is not a notice to the public as to what, is criminality. That can't possibly be the test. But you do have advantage to look at the statute and know what's criminal and what's not. So we can't say what's relevant in a particular case. There has to be, I mean, if your position is every ethical duty, compliance with every ethical duty is part of your official duty, that's your position. But if you're telling me it's not, then I just need to know what's out and why. It just has to relate to your job. And my point is, what ethical duties don't relate to your job? And I can't think of an example right off the top of my head, but the ones that are much more clearly related to what is... Is there an ethical duty against using official work time for personal business? There is an ethical regulation. You're supposed to put in an honest day's work and so forth. I don't think it would get that vague. March is coming. And Mr. Patel, I hope I'm saying his name right. I'm sorry. I don't know why I had trouble with that. Patel is the March Madness Bureau for the FBI. That's a big organization. All right. That's a lot of brackets to keep track of. And so during the relevant time in March, he's spending three hours a day, two to three hours a day on his FBI computer processing everyone's brackets, sending out brackets, setting up the terms of the pool, getting people to agree to whatever the prize is, and then processing as the games are played, watching the games during the day. Is that, that would seem to violate the ethics rule. Right. Would that violation be a violation, we're not at the bribery yet, but would that violation be the violation of an official duty? I don't think so. I think that one is too vague because that could apply to anybody working for the federal government. Lots of hours, lots of computer usage, lots of time. It's not doing FBI work. It's not specific to his job at all as an FBI agent. It doesn't relate to, for instance, here like a specific computer database that he was allowed access to solely because he was an FBI agent. It's just, if you come into the database, Mr. Bailey had paid him because Mr. Bailey's computer is broken. So if Mr. Bailey had paid him to go on his FBI computer and Google around to find these phone numbers, would that have been bribery? I don't think that we would have pursued the case as bribery. No, I don't think. I didn't ask the question right. That's my problem. I don't think. Would that have violated an official duty? I don't think that that would fall into official duty in the manners of which other cases have indicated. That's just a factual description of other cases. I'm asking whether that would violate his official duty. I don't think that would. So the only reason this ethical violation is a violation of official duty is that it's an FBI specific database and he has to say, I'm doing authorized FBI investigative work when he goes in and checks which box. That's what makes it part of his official duty? That makes it part of his official duty. Yes, because it is related. He has access to that database solely because he's a special agent and that database is supposed to be used only for FBI. Okay, so now he's going into Westlaw and using his FBI username and password to find some information. Would that be for somebody, for pay? Would that be a violation of official duty because now he's an FBI authorized database that I'm sure they're told is supposed to be used for FBI purposes and sometimes you even have to put like a code in for what you're working on. Correct, yes. I think that would be official duty. That's part, if that is one of the things that he's given access to as an FBI agent because he's an FBI agent and when you do go into an FBI computer because he's an He's given access to that. Right, but Google isn't really, Google is for everything. It's not necessarily related to your job. But you're using your computer, presumably you're taught that you're using your computer is for FBI work. But that's very, very broad. So we're not just saying anybody who spent an hour on the computer and a friend said, if you look up this information, I'll give you $50. If you look it up in Google, it's different. When you start getting into where you have to check in that you are working on a particular case or, you know, I believe that there's a warning on our system when we get into saying that you're accepting the fact that you're using this for your job purposes, not just going off and trying to find out information for non-work purposes. In those situations, you are then in violation. What if he had the email addresses for these tenants, but Mr. Bailey wanted phone numbers and addresses. And so he sends an FBI email and it has FBI and his email address and the signature block says FBI agent or whatever it says. And he emails them to get their, hi, I'm so-and-so with the FBI. Can you please provide me with your phone number? Yes, I think that would be a violation of an official duty because you're using, you're not supposed to use your... That seems more de minimis from the March Madness. But there's no de minimis exception for something like that because you're just not allowed to go out and represent yourself as an FBI agent for purposes other than actually doing the work of the FBI. This is solely because Mr. Bailey has said, I'll give you money if you get me this information. That is in no way an FBI purpose. You're essentially using the name of the FBI to get personal information for your friend. That would definitely be a violation of the official duty. I believe that was one of the... That probably falls under 2635.702, use of public office for private gain, either your own or that of a private gain of a friend, which was one of the regulations that Mr. Adorobic testified about at trial. So for all these reasons, we believe there's sufficient evidence of official duty. Can you define official duty then using your FBI position and resources? For non-government use for... No, because it doesn't cover March Madness or Googling on my FBI computer. No, because you're using FBI resources that are only available to the FBI. I mean, frankly, anybody could get on Google and look up... The use of FBI resources to obtain information exclusive to the FBI for a private purpose. Great. And in the case of Westlaw, it's not necessarily exclusive. In the case of Westlaw, that wouldn't even necessarily be exclusive to the FBI, but it's definitely... If it's not exclusive to the FBI, then so that's not part of your test? I'm sorry, Your Honor. I didn't catch that. So it's not something that you can only do because of your position? Well, I mean, the only reason if you were working for the FBI that you would have access to it is because of your position. So yes, that would be violating official duty. The only reason I have access to the FBI... I get I can do Google on something else, but say my computer at home is broken. So the only reason I have access to Google is because I'm using my FBI computer. But you still say... Well, you can still, I mean, frankly, look that information up on your personal phone while you were sitting in your office. All he has is the only way he's got to get Google. I don't think that that would be violating an official duty. What's the difference between that and Westlaw? Westlaw, you have really no access to that except for the fact that in the same with Clear, in this case, he has a username and a password and an account set up by the FBI. I'm sorry, Your Honor. People can access Westlaw without being part of the FBI? Yes, but no matter where you're working, though, you are given by your employer an access, username, an account is set up for you by virtue of the fact that you are working. An account is set up for me to sign into my computer every day. I'm trying to figure out what the line here is. Well, the line is that... If I'm using the computer for March Madness, you say that's hunky-dory. But if I'm using it to help Mr. Bailey get phone numbers, that's not. Right, because I'm assuming this about the court is that by virtue of you being a judge, the court has set up and contracted with the company to give you an account for Westlaw because of your job, which is just different than going on to Google because it's available just in general. You don't have to have an account. Because you're using a government resource to do that. It is a government resource, but it's... If your position is that everyone else can get the information anyhow, that seems to hurt you in this case because, generally, the other people could get phone numbers. Well, this was the exact problem in this case. Mr. Rice, who had been a skip tracer for Mr. Bailey, was having no luck getting the information that he really needed, and particularly was having no luck getting it in a timely manner, which is really what this all came down to. If you wanted to get TOPA rights from these tenants, you had to be quick about it because there were people trying to pay or get tenants to assign rights to their buildings very, very quickly in order to hop into the transactions and make money off the real estate transactions. So, as was testified to at trial, I believe by Agent Wallace, using Clear, it was an aggregator of a lot of information. It gave more accurate information than Google or whitepages.com or Spokio or any of these things. And it gave it to you very, very quickly, which you can really see when you look at the evidence of the searches that Mr. Batesill did. He was able to get back to Mr. Bailey very quickly and provide additional information. So, let's suppose Bailey said, I need to know all about TOPA. I want to try to do this scheme where I buy people's TOPA rights. So, I'm going to give you $500 and can you access Westlaw and print out like TOPA law, any regulations in all of the cases that the D.C. Court of Appeals has decided relating to TOPA? And that's what Batesill did. He accessed Westlaw, not Clear. And he downloaded all that information and sent it to Bailey for the $500. Did he violate an official duty by doing so? If Mr. Batesill had the same sort of warning that we have on our computer saying that you're doing this essentially for FBI business only, and perhaps even having to state a case, then yeah. So, if the hypo doesn't, he just has to sign in using his username and password for Westlaw, but there is no such warning other than that. I would still say the same because, and again, this wasn't something that was testified to at trial, but it would be highly likely that Mr. Adarobo would testify that you can't use Westlaw that's given to you as an agent to then go do lookups for your friends or non-work reasons. So, the definition of official duty hinges on whether there is a policy practice regulation rule of the FBI that states you cannot use this sort of information that is an FBI resource for your own personal gain. Correct. Correct, yes. In fact, in the FBI policy guide, there were examples given what sort of things would be wrong. Like, for instance, there was one saying that you can't look up criminal history of a public figure. You can't check into the background of a person who might be dating your son or daughter, those sort of things. Those were all given as examples of improper use of FBI resources. Checking on whoever dates my daughter is a very authorized resource. Really? You won't let me do that? I'm afraid not, no. If your honor had any questions on the jury instruction issue, I'm happy to answer them. I would just say that, as has been pointed out by the defense, Mr. Petzl proposed the instruction of official duty as it was given, and in the end, he did, he endorsed it. And ultimately, the official duty instruction that was given in count five was the exact instruction that he had originally proposed. And even though later on, he had asked for a change after the end of the defense case changed, he asked, after all the discussions were over, can I change the word correctly to with corrupt intent? In that instruction, the court said no. And even still, at that time, he didn't say I want any change to the language instruction about defining official duty. I don't think my colleagues have any more questions. Do you have any other important point? I don't believe so, your honor. I respectfully request that the court affirm the judgment of the district court. Thank you. Thank you. Ms. McNamara, we'll give you two minutes. Thank you. I just really want to make one point. And I think one thing that we all know from today's discussion is that what official duty means is very hard to determine. And I think that in this case, the rule of lenity, therefore compels this court to construe that statute in a way that does not create an incredibly broad, all-encompassing interpretation that includes violations of any type of ethical obligation. We cited cases on page 12 of our reply brief, cautioning against doing that. And I would caution the court against doing that here. Any other questions? All right. Thank you very much. Thank you very much. Thank you.
judges: Millett; Wilkins; Randolph